145 F.3d 1336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jorge Alberto BARILLAS-IBARRA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70308.
INS. NO. Asn-elu-gse.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 14, 1998.
Decided May 7, 1998.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before GOODWIN, FLETCHER, and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jorge Alberto Barillas-Ibarra, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration judge's (IJ) denial of his application for asylum and withholding of deportation under 8 U.S.C. §§ 1258(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 Where, as here, the BIA incorporates the IJ's decision without conducting an independent review of the record, we review the IJ's decision. Vallecillo-Castillo v. INS, 121 F.3d 1237, 1238 (9th Cir.1996). The IJ's determination that Barillas has failed to demonstrate past persecution or a well-founded fear of future persecution is reviewed under the substantial evidence standard. Id. The IJ's decision not to withhold deportation is also reviewed for substantial evidence in the record. Mejia-Paiz v. INS, 111 F.3d 720, 722 (9th Cir.1997).
 
 
 4
 In order to qualify for asylum, Barillas must demonstrate that he is unable or unwilling to return to Guatemala "because of past persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." Sangha v. INS, 103 F.3d 1482, 1486 (9th Cir.1997) (quoting 8 U.S.C. § 1101(a)(42)(A)). To establish eligibility on the basis of a "well-founded fear of persecution," Barillas' fear of persecution must be both subjectively genuine and objectively reasonable. See Ghaly v. INS, 58 F.3d 1425, 1428 (9th Cir.1995). The objective component is satisfied when
 
 
 5
 (1) the alien possesses a belief or characteristic a persecutor seeks to overcome in others by means of punishment of some sort; (2) the persecutor is already aware, or could ... become aware, that the alien possesses this belief or characteristic; (3) the persecutor has the capability of punishing the alien; and (4) the persecutor has the inclination to punish the alien.
 
 
 6
 Matter of Mogharrabi, 19 I & N Dec. 439, 446 (1987).
 
 
 7
 In the instant case, the IJ found that the subjective component was satisfied by credible testimony that Barillas genuinely fears persecution. See Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995). The IJ determined, however, that Barillas failed to satisfy the objective component, which "requires a showing by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear of persecution." Ghaly, 58 F.3d at 1428 (quoting Arriaga-Barrientos v. INS, 925 F.2d 1177, 1178-79 (9th Cir.1991)). We agree.
 
 
 8
 We find insufficient evidence in the record supporting Barillas' claim that his life would actually be at risk in Guatemala. There is nothing in the record to indicate that guerilla forces know Barillas' name, that they are aware of the fact that he gave information to the government, or that they could become aware that he informed. Although "anonymous notes" threatening harm to all government informants were delivered to the "300 or 400 people" living in Barillas' hamlet, Barillas admitted at the IJ hearing that these notes were addressed to "everyone," not to him in particular. It is also important to note that in the six years since the events at issue in this case, there is no evidence that the guerillas have contacted Barillas' common-law wife and three children, who are still living with Barillas' father in Guatemala. See Cuadras v. INS, 910 F.2d 567, 571 (9th Cir.1990) ("[Applicant's] claims are further undercut by the fact that his father and brother ... apparently still reside unmolested in El Salvador."). Nor does the evidence support a finding that the guerillas could become aware that Barillas acted as an informant. The incident occurred nine years ago, and there is no evidence that anyone in the Guatemalan army remembers Barillas or noted that he had given them information. Nor is there evidence that the guerillas were aware that anyone had informed about the incident. In sum, a careful review of the record indicates that Barillas' fear of persecution is highly speculative: Barillas has never personally been threatened or harmed by guerillas. See id. at 571 (noting that alien's fear of persecution by the government was wholly undermined by the fact that he "has never been threatened or harmed by any agent of the government"); see also Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995) ("[M]ere apprehension is not enough to establish a well-founded fear entitling alien to asylum.").
 
 
 9
 Barillas contends that even if this Court finds that he has not been individually targeted by guerillas in Guatemala, violence against his uncle, neighbors, and co-worker created a pattern of persecution sufficient to establish that his fear of persecution is well-founded. Barillas' argument lacks merit. Although we have "held that acts of violence against a petitioner's friends or family members may establish a well-founded fear, notwithstanding an utter lack of persecution against the petitioner [him]self ... we have required ... that this violence create a pattern of persecution closely tied to the petitioner." Ramos--Vasquez, 57 F.3d at 861 (quoting Arriaga-Barrientos, 937 F.2d at 414). Beyond the fact that Barillas has not offered evidence of any "pattern of persecution," see Arriaga-Barrientos, 937 F.2d at 414 ("Allegations of isolated violence are not enough."), Barillas is unable to substantiate his claim that these various acts of violence are tied to, or threaten, his own safety, see id.
 
 
 10
 Barillas further argues that he is statutorily eligible for asylum solely on the basis of the fact that he suffered past persecution. Barillas maintains that a "pattern of threats and attacks against ... family, co-workers, and friends ... constitutes persecution." We firmly disagree. We have defined persecution as "the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive." Prasad v. INS, 47 F.3d at 339 (quoting Desir v. Ilchert, 840 F.2d 723, 726-27 (9th Cir.1988)). In Prasad, we held that "detention combined with physical attacks can, in some circumstances, establish persecution." 47 F.3d at 339. We declined, however, to find persecution in that case, despite the fact that Prasad was "hit and kicked while being briefly detained in a police station." Id. In the instant case, no evidence has been presented of any physical attack against Barillas. As our opinion in Prasad makes clear, Barillas' claim of persecution is unsupported by the law of this circuit. There is therefore no ground for disturbing the IJ's decision that Barillas failed to demonstrate past persecution. Prasad, 47 F.3d at 340.
 
 
 11
 Because Barillas has failed to establish past persecution or a well-founded fear or future persecution, we need not address whether his alleged past or future persecution fits within one of the five statutory categories identified in 8 U.S.C. § 1101(a)(42)(A).
 
 
 12
 Finally, because Barillas failed to demonstrate eligibility for asylum, he necessarily failed to satisfy the more rigorous standard for withholding of deportation. De Leon-Barrios v. INS, 116 F.3d 391, 394 (9th Cir.1997).
 
 
 13
 PETITION DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3